UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JUDITH HEPPINSTALL,

    Plaintiff,

v.                                                Case No. 1:07-cv-564

TIME INSURANCE COMPANY,        HON. GORDON J. QUIST

    Defendant.

_____/

## OPINION

Plaintiff, Judith Heppinstall, filed a breach of contract action against Defendant, Time Insurance Company,[1] in Ingham County Circuit Court. Based on diversity of citizenship, Time removed the action to this Court. Heppinstall has filed a motion for remand under 28 U.S.C. § 1447(c) arguing that this Court lacks jurisdiction because the amount in controversy does not exceed the jurisdictional prerequisite of $75,000. For the reasons set forth below, the Court will grant Heppinstall's motion and remand the case to Ingham County Circuit Court.

## Facts

Heppinstall is a resident of Michigan (Compl. at 1) and Time Insurance Company is a Wisconsin corporation with its principal place of business in Wisconsin (Answer at 2). According to Heppinstall's complaint, she purchased a health care policy from Defendant with a Lifetime Maximum Benefit of $2,000,000 that went into effect on July 13, 2004. On July 14, 2004,

---

[1] Plaintiff initially filed suit against Fortis Insurance Company, but Time Insurance Company was substituted as the defendant per an order entered on July 16, 2007.

Heppinstall developed a severe illness requiring medical treatment. She gave notice to Time, and Time refused to pay her medical expenses. Heppinstall then filed suit in state court alleging that Time breached the insurance contract. She sought damages in the amount of $65,000 for all benefits owed to her under the insurance contract. Asserting federal diversity jurisdiction under 28 U.S.C. § 1332, Time removed the action to this Court. Arguing that the amount in controversy does not exceed $75,000, as required by 28 U.S.C. § 1332, Heppinstall filed a motion to remand under 28 U.S.C. § 1447(c).

## **Analysis**

28 U.S.C. § 1447(c) allows Heppinstall to file a motion to remand the case to state court should this Court lack subject matter jurisdiction. Since Time based its removal on diversity of citizenship, Time must establish (1) that the parties are citizens of different states and (2) that the amount in controversy exceeds "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Since Heppinstall is a Michigan resident and Time is a Wisconsin corporation with its principal place of business in Wisconsin, the first requirement is satisfied. However, the parties dispute whether the amount in controversy exceeds $75,000.

In assessing the amount in controversy, "[a] district court should consider the amount alleged in the complaint and should not dismiss a complaint for lack of subject matter jurisdiction 'unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount.'" *Massachusetts Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416 (6th Cir. 1996). Although the amount alleged in the complaint is only $65,000, Time relies on *Harmon* in arguing that the relevant amount in controversy is the $2,000,000 lifetime maximum benefit available under the insurance policy.

In *Harmon*, the United States Court of Appeals for the Sixth Circuit adopted the "clear federal rule . . . that 'where the validity of an insurance policy containing . . . benefit provisions is

2

involved in a diversity action in federal district court, future potential benefits may be considered in computing the requisite jurisdictional amount." *Id.* In that case, Massachusetts Casualty sought to rescind the entire insurance contract. Thus, the court reasoned that future potential benefits that might be owed should be considered. The court held, however, that "future potential benefits may not be taken into consideration in the computation of the amount in controversy . . . where the controversy concerns merely the extent of the insurer's obligation with respect to . . . benefits and not the validity of the policy." *Id.* at 416-417.

This case falls into the latter category. Time does not allege, either in its answer or as an affirmative defense, that the insurance policy is invalid. Rather, Time contests its obligation to pay the specific benefits in dispute. Since this case focuses on only the disputed benefits in question, resolution of the issues will not affect the validity of the insurance policy itself. Therefore, under *Harmon*, this Court should not consider future potential benefits in computing the amount in controversy. The Court should look only to Heppinstall's complaint. Because Heppinstall seeks $65,000 in damages, the amount in controversy requirement is not satisfied. Thus, removal to this Court was improper.

## **Conclusion**

For the foregoing reasons, the Court will grant Heppinstall's motion to remand.

Dated: September 18, 2007             /s/ Gordon J. Quist
                                   GORDON J. QUIST
                                UNITED STATES DISTRICT JUDGE

3